IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV235-1-MU

| | |
|---|---|
| STEPHEN ARTHUR LACY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, filed June 9, 2008.

A Petition for a Writ of Habeas Corpus requires a filing fee of $ 5.00. Although Petitioner indicated in his cover letter to the Court that he had submitted the five dollar filing fee, no filing fee was found with his habeas petition. Nor was an application to proceed in forma pauperis received by the Court.

According to Petitioner, in 1990 he was convicted in state court of assault on a police officer with a deadly weapon and received a thirty-three month sentence which he has served. Petitioner has filed the instant federal habeas petition asserting that his 1990 conviction of assault on a police officer with a deadly weapon was obtained in violation of the Supreme Court holding in Boykin v. Alabama, 395 U.S. 238, 242 (1969).

Section 2254 authorizes federal district courts to entertain petitions for habeas relief by individuals who are "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. Consequently, a federal habeas court lacks authority to review convictions and sentences which

expired before the federal habeas petition was filed. See Maleng v. Cook, 490 U.S. 488 (1989). Even if the expired sentence and conviction is later used to enhance the length of a current or future sentence, the custody requirement of § 2254 is not satisfied. Id.

Through his present federal habeas petition, Petitioner seeks to have the Court invalidate his 1990 state court conviction. At the time he filed the instant federal habeas petition, Petitioner was not incarcerated as a result of his 1990 state court conviction.[1] Because Petitioner is not presently in custody for this state court conviction, this Court lacks subject matter jurisdiction over Petitioner's federal habeas petition and it must be dismissed. Id.

The Court also notes that it appears highly likely that Petitioner's federal habeas petition is untimely.[2] The Antiterrorism and Effective Death Penalty Act (AEDPA) amended § 2254 to include a one-year limitation on the filing of a motion. 28 U.S.C. § 2244(d)(1). Under AEDPA a petitioner must file a § 2254 motion within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period, however, is tolled for the period during which a properly filed state post-conviction action is pending. 28 U.S.C. § 2244(d)(2).

Petitioner's 1990 conviction became final prior to the enactment of AEDPA and therefore he had until April 24, 1997, to file a federal habeas petition. Brown v. Angelone, 150

---

[1] Petitioner has subsequently been convicted of other crimes in federal court and is currently imprisoned as a result of his federal convictions. Petitioner was sentenced to 204 months imprisonment with an 84 month consecutive sentence in this Court in case 1:04cr40. His conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit and his Motion to Vacate has been denied by this Court

[2] It also appears likely that Petitioner's habeas petition may be unexhausted.

F.3d 370, 375 (4th Cir. 1998).  Because Petitioner did not file the instant federal habeas petition until June 2008, it is untimely by over ten years.  Moreover, Petitioner's state court filings did not serve to toll his limitation period because his limitation period had already expired many years earlier.  See Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

Signed: June 16, 2008

Graham C. Mullen
United States District Judge